1  PANISH SHEA & BOYLE LLP
   KEVIN BOYLE, State Bar No. 192718
2    *boyle@psblaw.com*
   RAHUL RAVIPUDI, State Bar No. 204519
3    *ravipudi@psblaw.com*
   11111 Santa Monica Boulevard, Suite 700
4  Los Angeles, California 90025
   Telephone: 310.477.1700
5  Facsimile: 310.477.1699

6  THE X-LAW GROUP, PC
   FILIPPO MARCHINO, State BarNo.
7  256011
     *filippo.marchino@xlawx.com*
8  Damon Rogers, State Bar No. 263853
     *damon.rogers@xlawx.com*
9  633 W. 5th St., 26th Floor, Suite 2629
   Los Angeles, CA 90071
10 Telephone: 213.223.2232
   Facsimile: 213.226.4691

11

12 Attorneys for Plaintiff

13

14          **UNITED STATES DISTRICT COURT**

15   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

16

17 ANDRE BATUNGBACAL, an              Case No.   **SACV11-00018** CJC(MLGx)
   individual,
18
              Plaintiff,              **NATIONWIDE CLASS ACTION
19                                     COMPLAINT FOR:**
       v.
20                                     1.  **UNFAIR BUSINESS
   POWER BALANCE LLC, a Delaware          PRACTICES (Business &
21 Limited Liability Company, TROY        Professions Code § 17200 et
   JOHN RODARMEL, an individual,          seq.)**
22 JOSH RODARMEL, an individual,      2.  **FALSE ADVERTISING
   KEITH KATO, an individual, and         (Business & Professions Code
23 DOES 1 through 10, inclusive,          § 17200 et seq.)**
                                      3.  **VIOLATIONS OF
24            Defendants.                  CONSUMERS LEGAL
                                          REMEDIES ACT**
25
                                       **DEMAND FOR JURY TRIAL**
26 ///

27 ///

28 ///

─────────────────────────────────
            NATIONWIDE CLASS ACTION COMPLAINT

1    PLAINTIFF Andre Batungbacal ("PLAINTIFF"), individually and on behalf
2  of all others similarly situated, complains and alleges on information and belief,
3  except as to those paragraphs specifically applicable to PLAINTIFF, which are
4  based upon said named PLAINTIFF's personal knowledge, as follows:

## OVERVIEW

6    1.    This class action seeks relief on behalf of PLAINTIFF and the
7  members of the Class for damages they have sustained as a result of Defendants
8  Power Balance LLC, Josh Rodarmel, Troy Rodarmel, and Keith Kato's
9  ("DEFENDANTS") deceptive and misleading conduct in marketing, advertising,
10 selling, promoting and distributing products by them manufactured, sold and/or
11 distributed.

12   2.    DEFENDANTS distributed in commerce, among other things, the
13 Power Balance Bracelets, Power Balance Wristbands, Power Balance Pendants,
14 Power Balance necklaces and other Power Balance Jewelry, collectively referred to
15 herein as "Power Balance Accessories" or "Accessories".

16   3.    Beginning in 2007, DEFENDANTS began selling Power Balance
17 Accessories.

18   4.    The Power Balance Accessories are sold with one unifying notice, that
19 they contain one or more "Mylar Holograms" which are worn sitting close to the
20 body.

21   5.    Since beginning to sell and distribute the Power Balance Accessories,
22 the DEFENDANTS made the same, consistent and repeated representations on their
23 respective websites, on packaging, in store displays, at live exhibitions, through paid
24 testimonials, through press releases and in other forms of marketing and advertising,
25 representing that the "Mylar Holograms" contained in every Power Balance
26 Accessory maintained properties they didn't as well as gave users and/or consumers
27 that wore a Power Balance Accessory physiological benefits they couldn't give
28 including, but not limited to:

a. "Power Balance holograms are embedded with frequencies that react positively with your body's natural energy field to improve balance, strength and flexibility;

b. "Power Balance holograms are designed to work with your body's natural energy field;

c. Power Balance is Performance Technology;

d. Power Balance products boost the body's self defense mechanisms creating the immediate benefits of strength, balance and flexibility gain;

e. When the hologram comes into contact with your body it gives you that added balance, strength, flexibility;

f. Use of the Power Balance results in lots of endurance and stamina."

6. As a result of the aforementioned representations, DEFENDANTS achieved exceptional commercial success, selling over three million units in less than three years.

7. The advertisements and representations made in the United States were identical to those made in Australia, namely that the Power Balance Accessories improve strength, balance and flexibility.

8. On or about December 21, 2010, in response to investigations by the Australian government (the Australian Competition and Consumer Commission), the Power Balance DEFENDANTS issued a corrective advertisement stating in pertinent part:

"In our advertising we stated that Power Balance wristbands improved your strength, balance and flexibility. We admit that there is no credible scientific evidence that supports our claims and therefore we engaged in misleading conduct in breach of s52 of the Trade       Practices Act 1974."

9.     Section 52(1) of the Australia's Trade Practices Act 1974 states: "A corporation shall not, in trade or commerce, engage in conduct that is misleading or deceptive or is likely to mislead or deceive." By agreeing to the undertaking and publishing the corrective advertisement, the Power Balance Defendants admit that their representations of improving strength, balance and flexibility were misleading.

10.     Furthermore, the Power Balance DEFENDANTS admit they had absolutely no credible scientific evidence that supported the representations, including the ones set forth hereinabove. Moreover, DEFENDANTS had no reasonable ground for making the Representations aside from intentionally and fraudulently inducing the general public, the Class members and PLAINTIFF into purchasing their products.

11.     Despite these admissions, the Power Balance DEFENDANTS continue to mislead the American public.

12.     As a result of the deceptive and misleading practices in advertising and marketing the Power Balance Accessories, PLAINTIFF and those similarly situated purchased the Power Balance Accessories.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this Nationwide Class Action arising under the Class Action Fairness Act of 2005, 28 U.S.C. §1332 (the Act). The Act provides for original jurisdiction in the Federal Courts of any Class Action in which any member of the Plaintiff Class is a citizen of a state different from any Defendant, and in which the amount in controversy exceeds in the aggregate Five million dollars ($5,000,000), exclusive of interest and costs.

14.     PLAINTIFF alleges that the total claims of individual class members, in the aggregate, exceed Five million dollars ($5,000,000), as required by 28 U.S.C. §1332(d)(2)&(5), and a member of the class of plaintiffs is a citizen of a state different from any defendant.  Therefore, diversity of citizenship exists are required by 28 U.S.C. §1332(d)(2).

15.    Venue in proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this district. Specifically, PLAINTIFF was exposed to advertising as well as purchased the product in the County of Los Angeles. Moreover DEFENDANTS are all either headquartered or resident in Southern California, and they distributed, manufactured, advertised and sold the products subject of the present complaint, principally from Southern California. The United States District Court – Western Division, located in Los Angeles, California, comprises the Counties of Los Angeles, San Luis Obispo, Santa Barbara and Ventura.

## PARTIES

16.    Plaintiff Andre Batungbacal is an individual consumer residing in Los Angeles County, California, who, during the proposed class period, purchased a Power Balance bracelet from a Finish Line store located in Los Angeles County, California.

17.    Defendant Power Balance LLC ("Power Balance"). Power Balance is a Delaware Limited Liability Company, headquartered at 30012 Ivy Glenn, Suite 180, Laguna Niguel, California  92677. PLAINTIFF is informed and believes that DEFENDANTS manufacture, market, advertise, distribute, produce and market the Power Balance Accessories, which are distributed for sale to consumers at retail outlets throughout the United States, Europe, Australia and Asia.

18.    As mentioned, Power Balance, advertises, sells, and distributes their products, subject of the present lawsuit, throughout California, the United States and several foreign territories.

19.    On information and belief Power Balance, is wholly owned by Defendants Josh Rodarmel ("J. Rodarmel"), Troy Rodarmel ("T. Rodarmel") and Keith Kato ("Kato").

20.    On information and belief, Defendant J. Rodarmel is co-director, Chief Operating Officer and active owner of the company, and is involved, individually or

in concert with others, in the formulation, direction or control of the policies, acts, or practices of Power Balance, including the acts or practices alleged in this complaint. His principal place of business is the same as that of Power Balance.

21.     On information and belief, Defendant T. Rodarmel is Chief Executive Officer, co-director and active owner of the company, and is involved, individually or in concert with others, in the formulation, direction or control of the policies, acts, or practices of Power Balance, including the acts or practices alleged in this complaint. His principal place of business is the same as that of Power Balance.

22.     On information and belief, Defendant Kato is a co-director, company owner as well as the company president and chief financial officer. Individually or in concert with others, he formulates, directs or controls the policies, acts, or practices of Power Balance, including the acts or practices alleged in this complaint. His principal place of business is the same as that of Power Balance.

23.     The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names.

24.     At all relevant times mentioned herein, and during the class period, Defendant Power Balance, was the sole manufacturer, distributor and driving force behind the Power Balance Accessories, as well as one of many retailers.

25.     Defendant Power Balance, are still manufacturers, distributors and retailers of Power Balance Accessories.

26.     On information and belief, the individual Defendants J. Rodarmel, T. Rodarmel and Kato, personally benefitted financially from illicit acts complained of herein.

27.     All the aforementioned Defendants shall be collectively known and wherever appropriate within this complaint referred to as "DEFENDANTS."

28.     PLAINTIFF is informed and based upon such information believes that each of the DEFENDANTS named herein was, at all times relevant to this action,

1    the agent, employee, representing partner, or joint venture of the remaining

2    DEFENDANTS and was acting within the course and scope of such relationship.

3        29.    PLAINTIFF is further informed, believes and thereon alleges that each

4    of the DEFENDANTS herein gave consent to, ratified, and authorized the acts

5    alleged herein as to each of the remaining DEFENDANTS.

6                     **SUBSTANTIVE ALLEGATIONS**

7        30.    PLAINTIFF incorporates by reference and realleges all paragraphs

8    previously alleged, as if fully set forth herein.

9        31.    DEFENDANTS, since the beginning of 2007, distributed in commerce,

10   the Power Balance Accessories throughout the United States, Europe and Australia.

11   The Accessories, which purportedly contain one or more "Mylar Holograms", were

12   marketed as being able to work and react with a body's natural energy flow thereby

13   yielding physiological benefits when worn close to your body. Specifically, the

14   DEFENDANTS represented and marketed that the instant benefits of the Power

15   Balance Accessories included "increased core strength," "greater flexibility," and

16   "improved balance." Indeed, those are the only words depicted on the front of the

17   packaging for the product. As a result of the aforementioned misrepresentations,

18   DEFENDANTS sold millions of units in relatively short span of time, amassing a

19   huge wealth at the cost of innocent consumers.

20       32.    In reality, however, DEFENDANTS admit that they did not and do not

21   maintain any credible scientific evidence that supported the representations or the

22   claims made to the public. DEFENDANTS further admitted in or around December

23   21, 2010 that the representations made were misleading. DEFENDANTS had no

24   reasonable ground for making the Representations aside from intentionally and

25   fraudulently inducing the general public, the Class members and PLAINTIFF into

26   purchasing their products.

27       33.    Moreover, the same website, in the FAQ section (printout of which is

28   attached hereto as EXHIBIT 1), in relevant part states:

- "Power Balance is Performance Technology designed to work with your body's natural energy field"
- "The Power Balance bracelet contains a Mylar hologram designed to react with the body's natural energy flow"
- "The Hologram in Power Balance is designed to respond to the natural energy field of the body. The Mylar material at the core of Power Balance has been treated with energy waves at specific frequencies"
- "Power Balance … is designed to help make you as strong as you should be by interacting with your body's natural energy field"

34.    Moreover, on information and belief, the same website as well as the Australian sister website, until recently in the FAQ section (printout of which is attached hereto as EXHIBIT 2) displayed the following:

- "Unlike many other ionic electro-magnetic devices, the Power Balance Holographic disks begin to work almost instantly, restoring optimal electro-magnetic balance and promoting free flowing energy pathways….NO PROMISES, JUST RESULTS"
- "The benefits are clear: faster synaptic response (brain function), enhanced muscle response (in both fast and slow twitch tissues), increased stamina (better oxygen uptake and recovery), more flexibility (faster recovery), and vastly improved gravitational balance."
- "the high density Disk acts much like a switch, resonating within your system and turning on your energy field while it clears the pathways so the electro-chemical exchange functions like the well tuned generator it was designed to be."
- "When the static Power Balance Hologram comes in contact with your body's energy field, it begins to resonate in accordance with

8

each individual's biological, creating harmonic loop that optimizes your energy field and maintains maximum energy flow while clearing the pathways so the electro-chemical exchange functions like the well tuned generator it was designed to be."

35.   Defendant J. Rodarmel has been quoted as saying, in relevant part, that: "My brother and I worked out a way of putting good frequencies into our holograms so they balance out the body, making it stronger and more flexible."

36.   In a September 16, 2009 interview with Liz Miersch, of the online blog "SELF" (attached hereto as EXHIBIT 3) Defendant Kato advertised the Power Balance Accessories with a promise that wearing one would boost the body's self defense mechanisms creating the immediate benefits of strength, balance and flexibility gain.

37.   In a February 26, 2010 interview with Nima Zarrabi, of the online basketball magazine "SLAM" (attached hereto as EXHIBIT 4) J. Rodarmel stated, in relevant part:

**SLAM**: "Can you discuss how these Power Balance products benefit the athletes or the weekend warrior?"

**J. Rodarmel**: "We put frequencies in the holograms that react positively with your body's energy field. … We figured out how to put these in the hologram so when it comes into contact with your body, it gives you that added balance, strength, flexibility. We can demonstrate that through the different muscle tests"

**SLAM**: "How does this product specifically aid a Basketball player?"

**J. Rodarmel**: "…Lot's of endurance and stamina. There are obviously different balance and flexibility benefits that the elite athletes tend to notice more, rather than people like me that aren't very athletic and play for fun."

1    **SLAM:** "What do you say to people who are skeptical?"

2    **J. Rodarmel:** "Everybody is skeptical when they first hear about it.

3    They say it doesn't make sense and it has to be psychological. It's not.

4    …"

5    38.    Overall, DEFENDANTS print, online and in-store advertisements

6    misled consumers into believing Power Balance Accessories maintained properties

7    which benefitted users and consumers by delivering improved strength, flexibility

8    and balance. DEFENDANTS continue to circulate these misleading advertisements

9    in various forms, including on the internet, as they have done in prior years.

10    39.    The current motto of PowerBalance.com is: "Power Balance®

11    holograms are designed to work with your body's natural energy field. Balance -

12    Strength – Flexibility"

13    40.    In December 2010, the Australian Competition and Consumer

14    Commission ("ACCC"), following the onset of proceedings against

15    DEFENDANTS' Power Balance's Australian subsidiary, pursuant to the Australian

16    Trade Practices Act of 1974 for the purposeful misguiding of the public, issued a

17    ruling requiring DEFENDANTS' Australian subsidiary to engage in a series of

18    public retractions as well as complete refunds of those consumers who relied on

19    DEFENDANTS' Australian subsidiary's misrepresentations. A copy of the

20    undertakings is attached hereto as Exhibit 5. In relevant part the ACCC determined

21    that:

22    "Power Balance Australia Pty Ltd (Power Balance) claimed that their

23    wristbands and pendants improve balance, strength and flexibility and

24    worked positively with the body's natural energy field. It also marketed

25    its products with the slogan "Performance Technology". These claims

26    made by Power Balance were not supported by any credible scientific

27    evidence and therefore Power Balance has admitted that it has engaged

28    in misleading and deceptive conduct in breach of s 52 of the Trade

1       Practices Act 1974."

2       41.    On or about December 23, 2010, the Italian Anti-Trust, Italian

3  counterpart of the Australian ACCC, issued a fine of 350,000 Euros, against

4  DEFENDANTS' Power Balance's Italian subsidiary, based on the fact that the

5  promises made by the sellers were wholly unsubstantiated.

6       42.    PLAINTIFF is informed, believes, and thereon alleges that

7  DEFENDANTS, pending the ruling by the ACCC and while under investigation by

8  the Italian Antitrust board, substantively modified their websites, marketing and

9  communications to eliminate numerous deceptive claims previously visible to the

10  public.

11      43.    Moreover, PLAINTIFF is informed, believes, and thereon alleges that

12  DEFENDANTS attempted to "sanitize" publicly available information by

13  employing specialized services, and removing several deceptive statements from

14  otherwise visible locations.

## CLASS ACTION ALLEGATIONS

16      44.    PLAINTIFF brings this Nationwide Class Action pursuant to Rule

17  23(a) & (b) of the Federal Rules of Civil Procedure as follows:

18          All persons or entities who purchased Power Balance Accessories

19          (comprised of Power Balance Bracelets, Wristbands, Necklaces and

20          Pendants) in the United States for purposes other than resale or

21          distribution during the Class period, which is defined as the four years

22          preceding the filing of this action.

23      45.    The foregoing Class shall exclude all federal, state, governmental and

24  national entities, and DEFENDANTS, their co-conspirators, and their respective

25  predecessors, subsidiaries, affiliates, and business partners.

26      46.    The Class is so numerous that joinder of all members in impracticable.

27  DEFENDANTS sold, marketed and distributed the product through retail and online

28  outlets in both the Unites States and foreign territories. The identity and exact

1   number of Class members is unknown, but PLAINTIFF anticipates the total

2   membership of the Class members in the hundreds of thousands.

3       47.   PLAINTIFF's claims are typical of those of other Class members, all of

4   whom have suffered harm due to DEFENDANTS' uniform course of conduct.

5   PLAINTIFF is a member of the Class.

6       48.   Common questions of law and fact affect each and every Class

7   member. These common questions of law or fact predominate over any questions

8   affecting only individual members of the Class. Common questions include:

9           a.   Whether DEFENDANTS' made statements constituting untrue

10               and/or misleading advertising in violation of California Business

11               & Professions Code § 17500 et. seq.;

12          b.   Whether DEFENDANTS' conduct in misrepresenting the

13               benefits of the Power Balance Accessories constituted unfair

14               business practices in violation of California Business &

15               Professions Code § 17200 et seq.;

16          c.    Whether DEFENDANTS' conduct in misrepresenting the

17               benefits of the Power Balance Accessories constituted fraudulent

18               business practices in violation of California Business &

19               Professions Code § 17200 et seq.;

20          d.   Whether DEFENDANTS represented that the Power Balance

21               Accessories have characteristics, uses, or benefits which they do

22               not have;

23          e.   Whether DEFENDANTS' conduct, as alleged in this Complaint,

24               caused injury to the PLAINTIFF and/or other member of the

25               Class; and

26          f.   The appropriate measure of damages sustained by the

27               PLAINTIFF and/or other members of the Class.

28      49.   PLAINTIFF will fairly and adequately protect the interests of the Class,

1   and have retained attorneys experienced in class actions and complex litigation as
2   their counsel.

3         50.    A class action is superior to other methods for fair and efficient
4   adjudication of this controversy. Treatment as a class action will permit a large
5   number of similarly situated persons to adjudicate their common claims in a single
6   forum simultaneously, efficiently, and without the duplication of effort and expense
7   that numerous individual actions would entail.

8         51.    Class treatment will also permit the adjudication of relatively small
9   claims by many members who otherwise could not afford to litigate the claims as
10  asserted in this Complaint.

11        52.    This class action presents no difficulties in management that would
12  preclude maintenance of a class action.

13                        **FIRST CAUSE OF ACTION**

14  **VIOLATIONS OF UNFAIR BUSINESS PRACTICE ACT – CALIFORNIA**
    **BUSINESS AND PROFESSIONS CODE §17200 et seq.**
15

16        53.    PLAINTIFF incorporates by reference and realleges all paragraphs
17  previously alleged, as if fully set forth herein.

18        54.    California Business & Professions Code § 17200 et seq., also known as
19  the California Unfair Competition Law ("UCL"), prohibits acts of "unfair
20  competition," including any unlawful, unfair, fraudulent, or deceptive business act
21  or practice as well as "unfair, deceptive, untrue or misleading advertising."

22        55.    By engaging in the false, deceptive, and misleading conduct alleged
23  above, DEFENDANTS have engaged in unlawful business acts and practices in
24  violation of the UCL by violating state and federal laws including but not limited to
25  Business and Professions code § 17500 et seq., which makes false and deceptive
26  advertising unlawful.

27        56.    In addition to being unlawful, DEFENDANTS' acts, conduct and
28  practices as alleged above are unfair. DEFENDANTS, through deceptive and

                                    13

1   misleading advertising and representations, induced PLAINTIFF and class members
2   to purchase Power Balance Accessories believing them to have beneficial
3   properties, both general and specific physiological benefits, they actually didn't
4   have. This injury is not outweighed by any countervailing benefits to consumers or
5   competition.

6        57.    In addition to being unlawful and unfair, DEFENDANTS' acts,
7   conduct and business practices as alleged above are fraudulent and/or deceptive.
8   DEFENDANTS' packaging labeling, advertising, and marketing characterized the
9   Power Balance Accessories as having both general and specific beneficial
10  physiological properties. The DEFENDANTS have admitted that such packaging,
11  labeling, advertising and marketing were misleading. DEFENDANTS' deceptive
12  and fraudulent representations as to the benefits of the Power Balance Accessories
13  have a capacity, tendency or likelihood to deceive and/or confuse reasonable
14  consumers.

15       58.    As a direct and proximate result of DEFENDANTS' unlawful, unfair
16  and fraudulent business practices, PLAINTIFF and the members of the class have
17  been injured in fact. They purchased Power Balance Accessories in reliance on
18  DEFENDANTS' false and misleading advertising and representations to the general
19  public regarding the benefits of wearing a Power Balance Accessory and coming in
20  close contact or range with the Mylar Holograms contained therein, and they would
21  not have purchased Power Balance Accessories had they known the products truly
22  maintained no benefit what so ever.

23       59.    DEFENDANTS' unlawful, unfair and fraudulent business practices as
24  alleged above present a continuing threat to PLAINTIFF, the class and members of
25  the public because DEFENDANTS persist and continue to engage in such practices,
26  and will not cease doing so unless enjoined or restrained by this Court.

27       60.    Under California Business & Profession Code § 17203, PLAINTIFF,
28  on behalf of himself, class members and members of the general public, seeks an

order of this Court:

    a.    Enjoining DEFENDANTS from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and unfair, deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing and any act prohibited by California Business Code § 17200 et seq.; and

    b.    Restoring all monies that may have been acquired by DEFENDANTS as a result of such unlawful, unfair or deceptive acts or practices.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17500 et seq.

61.    PLAINTIFF incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

62.    California Business & Professions Code § 17500 et seq., also known as California False Advertising Law, makes it "unlawful for any person, … corporation or association, or any employee thereof with intent directly or indirectly to dispose of … personal property … or anything of any nature whatsoever … to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that … personal property … or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading…"

63.    As alleged above, DEFENDANTS disseminated or caused to be disseminated deceptive advertising of Power Balance Accessories to the general

1  public through various media. Such advertising, including but not limited to, product
2  packaging, advertising and marketing represented Power Balance Accessories as
3  having specific characteristics yielding general and specific physiological benefits
4  upon a user and/or consumer. These advertisements were false and misleading
5  because the DEFENDANTS admitted they were misleading. Moreover, the
6  DEFENDANTS admitted they had absolutely no credible scientific evidence
7  supporting the representations made that the Power Balance Accessories had the
8  benefits or properties as advertised

9       64.   DEFENDANTS continue to disseminate or cause to be disseminated
10  such deceptive statements as alleged herein.

11      65.   The false and deceptive statements regarding the benefits of the Power
12  Balance Accessories, as disseminated, or as caused to be disseminated by
13  DEFENDANTS, are likely to deceive the consuming public.

14      66.   While disseminating or causing to be disseminated the false and
15  deceptive statements regarding the benefits of the Power Balance Accessories, as
16  alleged above, the DEFENDANTS knew or should have known that the statements
17  were false or misleading.

18      67.   As a direct and proximate result of DEFENDANTS' false and
19  misleading advertising, PLAINTIFF and the members of the class have been injured
20  in fact, in that they purchased Power Balance Accessories in reliance on
21  DEFENDANTS' false and misleading advertising as to the benefits of their
22  products, and they would not have purchased said products had they known them to
23  be devoid of any of the claimed benefits.

24      68.   DEFENDANTS' false and misleading advertising as alleged above
25  presents a continuing threat to PLAINTIFF, the Class, and members of the public
26  because DEFENDANTS persist and continue to disseminate false and misleading
27  advertising, and will not cease doing so unless and until enjoined or restrained by
28  this Court.

69.     Under California Business & Professions Code § 17535, PLAINTIFF, on behalf of himself, the class members, and members of the general public, seeks an order of this Court:

      a.     Enjoining DEFENDANTS from continuing to engage, use, or employ any act prohibited by California Business Code § 17500 et seq.; and

      b.     Restoring all monies that may have been acquired by DEFENDANTS' false and misleading statements in advertisements, promotions, testimonials, and/or marketing, as described herein.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT – CALIFORNIA CIVIL CODE §1750 et seq.

70.     PLAINTIFF incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

71.     This cause of action is brought pursuant to California Consumers Legal Remedies Act, California Civil Code § 1750, et seq. ("CLRA")

72.     PLAINTIFF is a consumer as defined by the CLRA and DEFENDANTS are either suppliers or sellers as defined by the CLRA.

73.     DEFENDANTS' conduct described herein involves consumer transactions as defined by the CLRA.

74.     In violation of CLRA, California Civil Code § 1770(a)(5), DEFENDANTS represented that the Power Balance Accessories had characteristics, uses, and benefits that they did not have. Those represented benefits included "increased core strength," "greater flexibility," and "improved balance." DEFENDANTS have admitted that such representations were misleading and unsupported by any credible scientific evidence.

75.     Under California Civil Code § 1780, PLAINTIFF, on behalf of himself,

1  the class members, and members of the general public, seek an order of this Court

2  enjoining DEFENDANTS from continuing to engage, use, or employ any act

3  prohibited by California Civil Code §1770 et seq.. PLAINTIFF further intends to

4  amend the Complaint pursuant to Civil Code §1782(d) should DEFENDANTS not

5  timely comply with the impending preliminary notice to be served in compliance

6  with Civil Code §1782.

7  **PRAYER**

8         PLAINTIFF, on his own behalf and on behalf of the Class, respectfully prays

9  for judgment against DEFENDANTS as follows:

10      1.    For an Order certifying this action as a class action under Rule 23 of

11 the Federal Rules of Civil Procedure and directing that reasonable notice of this

12 action be given to members of the Class;

13      2.    For an Order finding and declaring DEFENDANTS' acts and practices

14 as challenged herein unlawful, unfair, deceptive and/or fraudulent;

15      3.    For an Order preliminarily and permanently enjoining DEFENDANTS

16 from engaging in the practices complained and alleged herein;

17      4.    For an Order requiring DEFENDANTS to make restitution of all

18 revenues, earnings, compensation and benefits obtained as a result of

19 DEFENDANTS' wrongful conduct;

20      5.    For prejudgment interest to the extent permitted by law;

21      6.    For an award of attorney's fees, costs, and expenses incurred in the

22 investigation, filing, and prosecution of this action to the extent permitted by law;

23 and

24      7.    For such other and further relief as the Court deems just and proper.

25 ///

26 ///

27 ///

28 ///

NATIONWIDE CLASS ACTION COMPLAINT

## JURY TRIAL DEMANDED

PLAINTIFF hereby demands a trial by jury on all issues so triable.

DATED: January 4, 2011

PANISH SHEA & BOYLE LLP

By: _____
Kevin Boyle
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV11- 18 CJC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [X] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANDRE BATUNGBACAL, an individual,

PLAINTIFF(S)

v.

POWER BALANCE LLC, a Delaware Limited Liability Company, TROY
JOHN RODARMEL, an individual, JOSH RODARMEL, an individual,
KEITH KATO, an individual, and DOES 1 through 10, inclusive,

DEFENDANT(S).

CASE NUMBER

**S A C V 1 1 - 0 0 0 1 8** CJC (MLGx)

**SUMMONS**

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Kevin Boyle _____, whose address is Panish Shea & Boyle LLP, 11111 Santa Monica Blvd., Suite 700, Los Angeles, CA  90025 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____JAN - 4 2011_____

By: _____

JULIE PRADO
SEAL
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

CCD-1A

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

ANDRE BATUNGBACAL

**DEFENDANTS**

POWER BALANCE LLC, a Delaware Limited Liability Company, TROY JOHN RODARMEL, an individual, JOSH RODARMEL, an individual, KEITH KATO, an individual, and DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Panish Shea & Boyle LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA  90025

Attorneys (If Known)

---

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** According to Proof

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Business & Professions Code 17200 et seq. & 17500 et. seq. and Civil Code 1750 et seq. for misleading and untrue representations as to performance and benefit provided by product at issue.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV |  | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations |  | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation |  | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application |  | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions |  | ☐ 871 IRS - Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  | ☐ 440 Other Civil Rights |  |  |

SACV11-00018

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                      CCD-JS44

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [x] No  [ ] Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [x] No  [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or
   [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
   [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   [ ] D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   [ ] Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   [ ] Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Orange County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _Rahul Ravipudi_      Date _January 4, 2011_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |